**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-25-295-DLR** |
| | ) | |
| **TOK CHIN KIM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATEMENT OF DISCOVERY CONFERENCE**

This Joint Statement is submitted pursuant to Local Criminal Rule 16.1(b).

1. **Date Conference Held:** September 16, 2025, following arraignment before Magistrate Judge Amanda L. Maxfield where a plea of not guilty was entered.[1]

2. **Names of the attorneys who attended the conference:**

U.S. Attorney/AUSA: Elizabeth Joynes
Defense Attorney: J. Patrick Quillian and Adam R. Banner
☒ Retained ☐ Federal Public Defender/Assistant FPD or ☐ CJA Panel Member

**Counsel met for purposes of exchanging discovery materials in accordance with the Federal Rules of Criminal Procedure as supplemented by the Local Criminal Court Rules and any orders of this Court and, as a result of the conference, the undersigned counsel report the following:**

3. **The specific time, date, and place at which the offenses charged are alleged to have been committed:**

As alleged in the Indictment.

[1] Defendant initially had appointed counsel. In late August 2025, the undersigned entered appearances, and appointed counsel withdrew. Therefore, the parties conducted their discovery conference and are filing this Statement outside of the original deadlines but in a timely fashion since Defendant's change of counsel.

4. **(a)(1) Any contested issues of discovery and inspection raised by counsel for plaintiff:**

None known at this time. The United States requests all notices and discovery to which it is entitled under the Federal Rules of Criminal Procedure, the Local Rules, or any other federal law or rule. The United States will continue to provide discovery on a timely basis with the understanding that counsel for Mr. Kim will provide such discovery and notices on a timely basis.

**(2) Any contested issues of discovery and inspection raised by counsel for defendant:**

None at this time. Counsel for the government has provided investigative materials (KIM_000001 through KIM_000298), and the Defense acknowledges receipt of the following:

1. KIM_000001 through KIM_000298, which includes:
    a. Administrative Subpoenas (KIM_000001–19);
    b. Identification Documents (KIM_000020–29);
    c. NCMEC Cybertips (KIM_000030–58);
    d. Photographs (KIM_000059–181);
    e. Oklahoma City Police Report (KIM_000182–224);
    f. Search Warrant Documents (KIM_000225–243);
    g. Search Warrant Footage and Transcripts (KIM_000244–258); and
    h. NCMEC Reports (KIM_000259–298).

KIM_000001 through KIM _000258 were produced to the Defense on August 22, 2025, and KIM_000259 through KIM_000298 were produced to the Defense on September 2, 2025. This case also involves Child Sexual Abuse Material ("CSAM"); the CSAM is available at the U.S. Attorney's Office for inspection and review.

**(b) Any additional discovery or inspection desired by either party:**

Both parties request all discovery contemplated by the Federal Rules of Criminal Procedure, including Rule 16, the local criminal rules, and *Brady*, *Giglio*, and related cases.

5. **The fact of disclosure of all materials favorable to the defendant or the absence thereof within the meaning of *Brady v. Maryland* and related cases:**

Counsel for plaintiff expressly acknowledges continuing responsibility to disclose any material favorable to defendant within the meaning of *Brady* that becomes known to the government during the course of these proceedings.

6. **The fact of disclosure of the existence or nonexistence of any evidence obtained through electronic surveillance or wiretap:**

None at this time.

7. **The fact of disclosure of the contemplated use of the testimony of an informer. (Include only the fact an informer exists and not the name or testimony thereof):**

None at this time.

8. **The fact of disclosure of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b):**

The United States will provide reasonable notice before trial of any such evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, as required by Fed. R. Evid. 404(b), the Federal Rules of Criminal Procedure, the Local Rules, or any other federal law, rule, or order.

9. **The fact of disclosure of the prior felony convictions of any witness the government intends to call in its case-in-chief:**

The United States will provide criminal histories for each witness it intends to call at trial.

10. **The resolution, if any, of foundational objections to documentary evidence to be used by both parties (except for the purpose of impeachment):**

None at this time. Both parties will discuss and negotiate any foundational objections relating to evidence expected to be introduced at trial as witness and exhibit lists are finalized and exchanged.

11. **The resolution, if any, of chain-of-custody matters (where at issue):**

None at this time. Both parties will discuss and negotiate any chain of custody objections relating to evidence expected to be introduced at trial as witness and exhibit lists are finalized and exchanged.

12. **The resolution, if any, of the admissibility of any reports containing scientific analysis without requiring the expert's attendance at trial:**

None at this time. Both parties will discuss and negotiate any admissibility issues regarding scientific analysis reports expected to be introduced prior to trial as well as the attendance of any experts.

13. **The parties will provide each other with the opportunity to inspect any demonstrative evidence, representational exhibits or charts.**

Counsel for both parties state that presently there are no additional matters of discovery presently known.

Counsel expressly acknowledge the obligation to produce these item(s) as soon as practicable, but in no event later than fourteen (14) days prior to the trial of this cause. Counsel also expressly acknowledges continuing obligation to disclose any materials that become known to counsel during the course of the pretrial investigation of this cause.

14. **Notice of Alibi:**

None at this time.

Pursuant to Fed. R. Crim. P. 12.1(a)(1), the United States requests notice of any alibi defense, based on the time, date, and place of the offense as alleged in the Indictment.

15. **Notice of Insanity Defense or Expert Testimony of Defendant's Mental Condition:**

None at this time.

16. **Notice of Defense Based on Public Authority:**

None at this time.

At the conclusion of this conference, counsel conferred concerning the contents of this joint statement.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/ELIZABETH JOYNES*
Assistant U.S. Attorney
Virginia Bar No. 94827
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8849 (Office)
(405) 553-8888 (Fax)
elizabeth.joynes@usdoj.gov

*s/Adam R. Banner*
Oklahoma Bar No. 30480
J. Patrick Quillian
Oklahoma Bar No. 20811
PHILLIPS, COVENTON, QUILLIAN, & BANNER PLLC
1900 Northwest Expressway, Suite 601
Oklahoma City, OK 73118
(405) 778-4800 (office)
(405) 260-9573 (fax)
adamrbanner@gmail.com
patrickquillian@gmail.com
*Counsel for Defendant*